Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

————

Argued September 17, 2001     Decided December 3, 2004

No. 01-7029

BRENDA ELAINE MAKINS,
APPELLANT

v.

DISTRICT OF COLUMBIA AND FRANCIS J. HENDERSON,
ACTING WARDEN, D.C. DEPARTMENT OF
CORRECTIONS CENTRAL FACILITY,
APPELLEES

————

Appeal from the United States District Court
for the District of Columbia
(98cv02693)

————

*Gregory L. Lattimer* argued the cause and filed the briefs for appellant.

*Carl J. Schifferle*, Assistant Attorney General, argued the cause for appellees. With him on the brief was *Robert J.*

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

*Spagnoletti*, Attorney General. *Edward E. Schwab*, Deputy Attorney General, entered an appearance.

Before: HENDERSON, RANDOLPH, and ROGERS, *Circuit Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: In this appeal from a district court judgment enforcing a settlement agreement, we certified the following question to the District of Columbia Court of Appeals:

> Under District of Columbia law, is a client bound by a settlement agreement negotiated by her attorney when the client has not given the attorney actual authority to settle the case on those terms but has authorized the attorney to attend a settlement conference before a magistrate judge and to negotiate on her behalf and when the attorney leads the opposing party to believe that the client has agreed to those terms?

*Makins v. Dist. of Columbia*, 277 F.3d 544, 553 (D.C. Cir. 2002). The D.C. Court of Appeals, sitting *en banc*, answered the question in the negative. *Makins v. Dist. of Columbia*, 2004 WL 2471504 (Nov. 4, 2004). We must therefore set aside the district court's enforcement of the agreement on the basis of the attorney's apparent authority. Further proceedings on remand are needed to resolve the remaining evidentiary dispute about the attorney's actual authority to settle the case. *See* 277 F.3d at 545-46.

*Vacated and remanded.*